### ROSBURG v. BURNS.

(Fourth Division. Fairbanks. November 2, 1921.)

No. 2512.

**1. Executors and administrators ⬅102—Investments—Accounts.**

> An administrator will not be allowed a charge paid by him out of the estate on a hazardous mining venture incurred without previous authorization by the probate court.

**2. Partnership ⬅253—Administrators.**

> An administrator, being the surviving partner, may be allowed compensation for his services as manager of the business of the estate as a going concern during the administration of the estate.

**3. Executors and administrators ⬅510(2, 6)—Account—Appeal—Probate Court.**

> An appeal lies from the order of the probate court upon the hearing of objections and exceptions to the report of an administrator of the partnership estate. The probate court does not lose general jurisdiction of the estate pending appeal from its orders on objections to the account of an administrator.

The appellant is the wife of Herman Rosburg, deceased, who died on the 7th day of May, 1920, at Nenana, Alaska. At the time of his death deceased was a member of the copartnership of Rosburg & Burns, of which Joseph E. Burns is now the administrator.

Under appointment by the probate court for the Nenana precinct, Joseph E. Burns became administrator of the above copartnership on the 24th day of May, 1920. He filed with the probate court on November 29, 1920, his first semiannual report showing a balance cash on hand in the sum of $466.25. To this semiannual report the appellant herein filed objections and exceptions. Such further proceedings were had that

on the 14th of February, 1921, the judge of the probate court made and filed an order sustaining several objections entirely and others in part. From this order and in conformity with the provisions of the Compiled Laws of Alaska an appeal was taken to this court by Lowella Rosburg, administratrix.

John A. Clark, of Fairbanks, for plaintiff.
Howard J. Atwell, of Fairbanks, for defendant.

BUNNELL, District Judge. The first item in question amounts to $1,969.66 and is a claim presented by Administrator Burns himself against the estate. From the evidence presented I find that the copartnership of Rosburg & Burns, of which Burns is the administrator, was not formed until June 6, 1919. It seems that there had been a copartnership consisting of Rosburg, Howell, and Burns operating a moving picture business in 1916, and that upon the withdrawal of Howell a copartnership of Rosburg and Burns came into existence. January 4, 1919, Burns sold his entire interest to Rosburg. June 6, 1919, Rosburg sold to Burns an undivided one-half interest in the business. There was some evidence going to show that the Burns deed to Rosburg in January, 1919, was to enable Burns to avoid certain claims or demands upon him by parties undisclosed to the court. Burns was present in court and did not offer any evidence himself on this subject. The amount properly allowable consists of sums in items 21, 22, 23, 38, and 39 in auditor's statement of differences, totaling $458.28.

An item of $145 paid out of the estate on a hazardous mining venture and incurred without previous authorization by the probate court is disallowed.

The item of $88 for expenses incurred at the Burns residence is disallowed. The probate court, however, may allow in a subsequent report upon proper proof items of expense at the Burns residence during the continuance of this copartnership, but prior to the date Burns became administrator. Claims of the nature presented are not chargeable to the estate after Rosburg's death.

The amount allowed the administrator for his services as manager of the business of the estate as a going concern during the administration of the estate is approved.

The order of the probate court discontinuing the payment

from the proceeds of the estate to the widow of the deceased of the sum of $100 per month is set aside. The probate court will make the necessary order in the premises to insure payments in arrears and to provide for such a monthly allowance during the further administration of the estate as is contemplated by the statute.

Our statute provides as follows for an appeal in probate cases:

"Sec. 1772. There shall be an appeal to the District Court of the district of Alaska from all orders of the commissioners exercising the jurisdiction of a court of probate.

"Sec. 1773. In the case of decedents any heir, legatee, devisee, creditor, or other person interested in the estate, and in the case of minors, lunatics, and habitual drunkards, any creditor or relative within the third degree of consanguinity, may file with the commissioner exceptions to any order of such commissioner granting or revoking letters of administration or of guardianship, allowing semiannual or final accounts, allowing or rejecting claims, directing the payment of debts or legacies or the distribution of estates, ordering the sale or disposal of real or personal property, or other proceeding. Upon the filing of such exception the commissioner shall make a transcript of all files, papers and evidence pertaining to such order or proceeding and forward the same to the clerk of the district court.

"Sec. 1774. Upon the filing of such exceptions the district judge shall proceed on due notice to hear and determine the same at such time and in such manner as he shall prescribe by order, and for that purpose may receive and entertain affidavits and depositions or hear oral evidence.

"Sec. 1775. Upon such hearing the district court or judge thereof shall determine the issues so raised according to the very right of the matter and make such order in the premises as he may see fit, which order shall be entered in a docket to be kept by the clerk of the court for that purpose, properly indexed, and a copy of the same shall be forwarded to the commissioner before whom the exceptions were filed, who shall thereupon proceed in accordance with such order. Such orders shall be deemed a judgment, subject to appeal in the manner provided for appeals from judgments in the district court."

The above provisions do not seem to be repealed by an act "to make uniform the laws of partnership." Chapter 69, Territorial Session Laws 1917,

The right of Lowella Rosburg, administratrix, to take an appeal from the order of the probate court upon the hearing of her objections and exceptions to Administrator Burns' semiannual report is beyond question. The probate court,

however, did not lose jurisdiction of the administration of the estate when the appeal from its order was taken. His action in sending to this court all the files, records, and papers in the estate and exercising no further jurisdiction in the administration of the estate is clearly erroneous. From the evidence presented to this court it appears that the administration of this estate must be speedily terminated. The original files and records in the case forwarded to the clerk by the probate court will be required by the probate court in the further administration of the estate. No copies were forwarded to this court as provided by section 1774, above. A proper record will have to be preserved in this court, and it is suggested that counsel by agreement stipulate just what copies of records are to be prepared by the probate court and forwarded to the clerk of this court in order to accomplish this purpose.

The order of the probate court from which this appeal was taken will be modified in accordance with the views herein expressed, and a certified copy hereof will be forwarded to the probate court, Nenana precinct.

⚖⇒See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes